| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>COLLERAN, O'HARA & MILLS, L.L.P.<br>Thomas P. Keane, Esq.<br>100 Crossway Park Drive West, Suite 200<br>Woodbury, New York 11797<br>P: (516) 248-5757<br>F: (516) 742-1765<br>E: tpk@cohmlaw.com<br><br>*Counsel to Defendant* Tile Setters and Tile Finishers Union Of New York And New Jersey, Local No. 7 Of the International Union of Bricklayers and Allied Craftworkers | |
| In Re:<br><br>KIMO TILE @ MARBLE, LLC d/b/a KIMO TILE & MARBLE, LLC,<br><br>                              Debtor. | Chapter 11<br><br>**Case No.:** 24-20009-JNP<br><br>**Adv. Proc. No.:** 24-1602-JNP |
| KIMO TILE @ MARBLE, LLC d/b/a KIMO TILE & MARBLE, LLC,<br><br>                              Plaintiff,<br><br>   v.<br><br>TILE SETTERS AND TILE FINISHERS UNION OF NEW YORK AND NEW JERSEY, LOCAL NO. 7 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS; and TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, TRUSTEES OF THE TILE LAYERS LOCAL UNION 52 PENSION FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY RETIREE WELFARE FUND, TRUSTEES OF THE | |

LOCAL 7 TILE INDUSTRY VACATION FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY SUPPLEMENTAL FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY PROMOTIONAL FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY TRAINING FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY BUILDING FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY DEFENSE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY LOCAL POLITICAL ACTION COMMITTEE, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, THE INTERNATIONAL MASONRY INSTITUTE, AND THE TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTWORKERS POLITICAL ACTION COMMITTEE,

           Defendants.

**AFFIDAVIT OF CHRISTOPHER AVALLONE IN OPPOSITION TO PLAINTIFF'S ORDER TO SHOW CAUSE**

**CHRISTOPHER AVALLONE**, being duly sworn, deposes and says under penalty of perjury:

  1.  I, Christopher Avallone, am a Business Agent for the Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Local 7" or "Union"). I am over 18 years of age, of sound mind, and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based upon my personal knowledge.

  2.  I submit this Affidavit in support of the Union's opposition to Plaintiff Kimo Tile's ("Kimo") application for an order to show cause and temporary restraining order in this matter.

**BACKGROUND**

  3.  I have been a member of Local 7 since 2001. I was appointed to the position of Business Agent on June 1, 2016. I have continued to serve as a Business Agent since 2016. Local

7 is a labor union. Members agree to be bound by the Union's Bylaws and Constitution. A copy of the Bylaws and Constitution is annexed hereto as Exhibit "A". A member who violates any provision of the Bylaws and Constitution may be charged and referred to Local 7's Trial Committee. See Ex. A, Bylaws & Constitution at Article XIII.

4. Kimo is a signatory to a collective bargaining agreement ("CBA") with Local 7. A copy of the CBA is annexed hereto as Exhibit "B". The CBA governs the terms and conditions of employment for Local 7 members employed by Kimo, including wages and fringe benefits. The CBA also imposes obligations on Kimo to report to the Union a list of awarded jobs and report hours worked by Local 7 members on behalf of Kimo. See Ex. B, CBA at Article VI & IX.

5. Kimo, or any other signatory employer, may request manpower from the Union in order to compete its projects. While signatory employers are required to report their awarded jobs on a monthly basis, the signatory employer must still contact the Union in order to specify the amount of workers the employer needs and the location of the project to which the members should report. The Union cannot dispatch its members without being told by the employer when and where the workers are needed.

6. In late August 2024, I was contacted by general contractor Shorelands Construction. Shorelands asked if Kimo was in good standing with the Union. A signatory contractor is considered in good standing if it has fulfilled its reporting and payment obligations pursuant to the CBA. If a contractor has not submitted reports of hours worked, failed to make fringe benefit contributions, or failed to timely pay Local 7 members their wages, the contractor is not in good standing.

7. When Shorelands contacted me in August 2024, Kimo was not in good standing.

8. Shorelands contacted me again in mid-September 2024 to inquire if Kimo was in good standing. Kimo was again not in good standing. At Shorelands' request, a letter was provided by the Union to Shorelands specifying that Kimo was not in good standing.

**LOCAL 7 IS NOT DENYING KIMO MANPOWER**

9. On October 9, 2024, Sasha Kissoondath ("Sasha"), Kimo's principal, requested manpower. The Union advised him that manpower would not be sent as Kimo was in default of its obligations under the CBA.

10. Subsequently, Kimo filed for bankruptcy.

11. On October 15, 2024, I texted workers who had previously worked for Kimo to advise them that they were authorized to return to work for Kimo if they chose to. A copy of this text message is annexed hereto as Exhibit "C".

12. On October 16, 2024, Sasha emailed me to request manpower; however, his email did not specify how many workers Kimo required or the location of the project where they were needed. A copy of this email chain is annexed hereto as Exhibit "D". I responded and requested information regarding the number of workers needed and where they needed to report to. Id. Sasha did not provide this information. Id. I also provided him with the contact information for the Union's hiring hall and other business agents he could contact. Id. I did not hear anything more from Sasha on October 16th.

13. During a meeting on October 22, 2024, I was advised by the other Local 7 Business Agents that they had also not been contacted by Sasha.

14. On October 23, 2024, Sasha texted me to advise that he needed a helper for a project that would begin the following week. A copy of the text exchange between Sasha and myself is annexed hereto as Exhibit "E". He advised he was unsure of the date on which he would need the

helper. Id. I responded that the Union "will have someone available. Reach out to me when it gets closer to start." Id.

15. Local 7 is not denying Kimo manpower. Since Kimo filed for bankruptcy, the Union has not received requests for manpower. If Kimo makes the request, the Union will make every effort to provide Kimo with manpower for its projects.

16. Admittedly, some Local 7 members have expressed concerns to me about working for Kimo based on its pre-petition conduct. In addition to not paying fringe benefits in a timely manner, Kimo has also failed at times to pay wages. A copy of text messages I have received from members regarding unpaid wages is annexed hereto as Exhibit "F". The Union cannot force anyone to work for Kimo; however, the Union will make every effort to supply manpower when requested by Kimo.

**LOCAL 7 IS NOT RETALIATING AGAINST ITS MEMBERS EMPLOYED BY KIMO**

17. Local 7 members are required to follow the Union's Bylaws and Constitution. See Ex. A, Bylaws & Constitution, Article IV, Section 2(A). Members who violate the Union's Bylaws and Constitution may be subject to internal union discipline following a hearing before the Trial Committee. Id., Article XIII.

18. I have reviewed Exhibit D to Sasha's Declaration. This appears to be a letter to a member of Local 7 referring him to the Trial Committee for violating several provisions of the Union's Bylaws and Constitution. Specifically, the member is alleged to have: (1) failed to report violations of Local 7's work rules; (2) failed to report a job location and the day on which the project started; (3) working without fringe benefits; (4) violating the Union's Constitution; and (5) acting to the detriment of the Union's interest. The members are not being charged with working for Kimo; they are being charged with specific violations of the Bylaws and

Constitution. These members will have the opportunity to argue their cases before the Trial Committee.

19. Local 7 has the right to manage itself and its relationship with its members. If the court forces Local 7 to withdraw the pending charges against its members at the request of Kimo, it will undermine the Union's ability to govern itself in accordance with its governing documents. Other members may be emboldened to violate the Bylaws and Constitution at the behest of their employers. This would undermine the Union's cohesion and ultimately erode its ability to effectively represent its members.

20. I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: Marlton, New Jersey
October 24, 2024

_____
Christopher Avallone

Sworn to before me this 24 day of October, 2024

_____
Notary Public



ALEXANDER COLUZZI
Notary Public, State of New Jersey
Comm. # 50225517
My Commission Expires 9/9/2029